PEOPLE, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution for Violation of the Excise-Tax Law.

No. 1889.—Decided April 4, 1922.

EXCISE TAXES—STILLS—COMPLAINT.—Under section 88 of the Excise-Tax Law of 1919 any person having knowledge of the commission of the offense may make the complaint. The authority to make complaints for violations of the said act is not exclusively in the Treasurer of Porto Rico.

The facts are stated in the opinion.
*Mr. G. P. Quiñones* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was twice convicted; first, in the municipal court, and later, after a trial *de novo,* in the district court upon a complaint reading as follows:

"I, Enrique Rivera, of age, Insular Police Sargeant, residing in Santurce at No. 212 Carretera Street, make this complaint against Esteban Rodríguez for a violation of section 61 of the Excise Tax Law, committed as follows: That on May 26, 1921, at 3 p. m., in the ward of Seboruco, Santurce, of the municipality of San Juan, P. R., and within the municipal judicial district of San Juan, P. R., the aforesaid defendant wilfully, maliciously and unlawfully had in

his possession and under his custody two stills for the distillation of alcohol, the said stills not having been registered in the Treasury Department.   This is contrary to law.   Exhibited herewith are the parts of the stills which were seized, consisting of two serpentines, a funnel-shaped tin receptacle, two rubber tubes, two tin cans used as a condenser, and two galvanized-iron pipes which served as vents. The other parts of the stills were not seized because the accused removed them upon becoming aware of the approach of the police.— Witnesses: José Cedeño, I. P.; Otilio Encarnación, I. P. No. 444.''

Error is assigned as follows:

''I. The court erred in overruling the demurrer on the ground that the complaint was not made by the Treasurer of Porto Rico.

''II. The court erred in convicting the defendant of a violation of section 61 of Act No. 55 of June 15, 1919, known as the Excise Tax Law.

''III. The court erred in holding that the complaint stated an act constituting a violation of section 61 of Act No. 55 of June 15, 1919.''

In so far as the first assignment is concerned, a reference to the following cases will suffice: *People* v. *Campos,* 17 P. R. R. 1144; *People* v. *Morales,* 24 P. R. R. 136, and *People* v. *Miranda,* 29 P. R. R. 65.   Appellant, himself, calls attention to the case last mentioned, but dissents from the view there taken, without any very apparent reason for such dissent, beyond the circumstance that the decision was based mainly upon another and more technical ground.

The argument under the second assignment is that there was no documentary evidence of the fact that the still was not recorded in the Treasury Department.   This omission, says appellant, ''constitutes an error so obvious and is such an elementary question of evidence that no citation of authority is necessary.''   With due deference to the opinion of counsel so confidently expressed, we strongly incline to the contrary view; but in the absence of any statement of the case or bill of exceptions, the question is not of vital importance.

The third assignment is based upon the postscript to the complaint, which states that certain parts of the two stills are tendered as exhibits, the missing parts, whatever they were, not having been seized by reason of the prompt action of the accused upon becoming aware of the proximity of the police.   The complaint charges defendant with having had in his possession two stills without having registered them in the Treasury Department.   It therefore states a crime.   The fact so stated might be true and might be proven without the seizure of any part of either still.   If the complaint had stated that not a single piece of either still had been found, that statement would not have been necessarily inconsistent with the averment that the defendant, on a certain date, had the two stills in his possession.   The possession on the date laid might have been proven by eye-witnesses or other evidence *aliunde,* notwithstanding the fact that nothing was found or seized by the police.   As we have said, the evidence is not before us.   The third assignment attacks the complaint, which, on its face, is plainly sufficient, and the argument rests upon an hypothetical failure of proof without any basis whatever therefor in the record.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.